UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIPT # 55851
AMOUNT $ 150
SUMMONS ISSUED Y/L
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. m
DATE 5-12-04

TRUSTEES OF BOSTON PLASTERERS AND CEMENT )
MASONS LOCAL 534 ANNUITY FUND, PENSION )
FUND AND HEALTH & WELFARE FUND, )
)
    Plaintiffs, )
) C. A. NO.
v. )
)
J.F.M. CONSTRUCTORS, INC )
)
    Defendant. )
)

MAGISTRATE JUDGE Dein

**COMPLAINT**

1. This is an action under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), particularly 29 U.S.C. Sections 1132(a)(3)(B)(ii), (d)(1) and (f), Section 1145, and Section 301 et seq, of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. Section 185 et seq, to compel J.F.M. Constructors, Inc to make delinquent payments to the Plaintiff Trustees.

2. Jurisdiction is conferred on the Court by 29 U.S.C. Sections 1132(e)(1) and (f) and 29 U.S.C. Sections 185(a),(b) and (c) neither of which is dependent on the amount in controversy or diversity of citizenship.

3. Venue lies in this district pursuant to 29 U.S.C. Section 1132(e)(2) and U.S.C. Section 185(c).

4. Boston Plasterers and Cement Masons Local 534 Pension Fund (hereinafter referred to as the "Pension Fund") is a trust fund established in accordance with the provisions of 29 U.S.C. Section 186(c) having a place of business in Boston, Massachusetts and is an "employee pension benefit plan" as defined by 29 U.S.C. Section 1002(2) and is governed by Plaintiff Trustees.

5. Boston Plasterers and Cement Masons Local 534 Annuity Fund (hereinafter referred to as the "Annuity Fund") is a trust fund established in accordance with the provisions of 29 U.S.C. Section 186(c) having a place of business in Boston, Massachusetts and is an "employee pension benefit plan" as defined by 29 U.S.C. Section 1002(2) and is governed by Plaintiff Trustees.

6. Boston Plasterers and Cement Masons Local 534 Health & Welfare Fund (hereinafter referred to as the "Health & Welfare Fund") is a trust fund established in accordance with the provisions of 29 U.S.C. Section 186(c) having a place of business in Boston, Massachusetts and is an "employee welfare benefit plan" as defined by 29 U.S.C. Section 1002(1) and is governed by Plaintiff Trustees.

7. J.F.M. Constructors, Inc (the "Employer") is a corporation incorporated and existing under the laws of the Commonwealth of Massachusetts, and having a place of business in Sagamore Beach, Massachusetts.

8. The Employer was engaged in an industry affecting commerce as defined in ERISA, 29 U.S.C. Sections 1002(5), (11) and (12), and as defined in LMRA, 29 U.S.C. Sections 152(2), (6) and (7).

9. Boston Plasterers and Cement Masons Local 534 (hereinafter referred to as the "Union") is a labor organization as defined by 29 U.S.C., Section 152(5)

10. The Employer was a party to a collective bargaining agreement with the Union at all times material herein.

11. The said agreement provides, inter alia, that the Employer would contribute certain sums to the Annuity Fund, Pension Fund and Health & Welfare Fund for each hour worked by employees subject to the agreement.

12. The Employer failed to make contributions to the plaintiffs for work performed in Massachusetts by its employees as required by the collective bargaining agreement.

13. The aforesaid agreement further provides that in the event the Employer fails to make its required contributions in a timely fashion the Employer is further obligated to the trust funds, in addition to the amounts owed, for interest from the date when the payment was due, liquidated damages and for all costs and reasonable attorney's fees expended by the Plaintiff Trustees in having to collect the delinquent contributions.

WHEREFORE, the Plaintiffs demand judgment against the Defendant J.F.M. Constructors, Inc as follows:

1. That the Defendant be ordered to pay to the Plaintiffs the delinquent contributions due the Plaintiffs plus prejudgment interest from the date when each month's payment was due and liquidated damages of 20% per annum pursuant to 29 U.S.C. Section 1132(g)(2) et seq.

2. That the Defendant be ordered to pay to the Plaintiffs their costs and disbursements, including their reasonable attorney's fees in this action, pursuant to 29 U.S.C. Section 1132(g)(1) et seq.

3. That the Plaintiffs receive such other legal or equitable relief as this Court deems appropriate.

                                          Plaintiffs
                                          by their attorney

                                          Aaron D. Krakow
                                          BBO #544424
                                          Krakow & Souris
                                          225 Friend Street
                                          Boston, MA 02114
                                          (617) 723-8440