UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRUSTEES OF BOSTON PLASTERERS AND CEMENT )
MASONS LOCAL 534 ANNUITY FUND, et al., )
                                                                              )
    Plaintiffs, )
                                                                              )    C. A. NO. 04-10953-WGY
v. )
                                                                              )
J.F.M. CONSTRUCTORS, INC )
                                                                              )
    Defendant. )
_____ )

1        <u>PLAINTIFFS' EX-PARTE MOTION FOR AN ORDER IN AID OF JUDGMENT</u>

       This is a supplementary proceeding pursuant to Federal Rule of Civil Procedure 69(a) in aid of a judgment entered against defendant J.F.M. Constructors, Inc. by this Court. Plaintiffs, Trustees of Boston Plasterers and Cement Mason Local 534 Pension Fund, Deferred Income Fund and Health & Welfare Fund seek an order in accordance with the practice and procedure of the Commonwealth of Massachusetts set forth in M.G.L. Ch. 214, §3(6) to reach and apply the property, right, title, or interest of defendant in the control or possession of Methuen Construction Co., Inc. ("Methuen") to satisfy the judgment against defendant.

       1.     This action was brought by plaintiffs, Trustees of Boston Plasterers and Cement Mason Local 534 Pension Fund, Deferred Income Fund and Health & Welfare Fund to enforce a judgment.

       2.     This court entered judgment on October 12, 2004 against the defendant, in the amount of $24,189.98. A copy of the judgment is attached as Exhibit A.

3. Methuen is a contractor doing business in Massachusetts at the Falmouth Water Treatment Facility and other construction sites in Massachusetts.

4. Methuen is the general contractor on the Falmouth Water Treatment Facility project.

5. Methuen is currently in the possession or control of property, right, title or interest of the defendant in accordance with a construction contract or contracts pursuant to which Methuen is obligated to make periodic payments to the defendant for work performed by the defendant within this judicial district.

6. The amounts that are to come due to the defendant under the construction contract or contracts with Methuen are not absolutely and without contingency due to the defendant, but are due subject to completion of certain work by the defendant and are, therefore, not subject to attachment or execution.

7. Based on information provided to plaintiffs by J.F.M. Constructors, Inc.'s representatives, J.F.M. Constructors, Inc.'s has: (a) sought payment from Methuen; (b) other than the payments due or to come due under the Methuen contract, J.F.M. Constructors, Inc. does not have funds to pay the outstanding judgment amount; and (c) defendant is experiencing financial difficulties and is being pursued by its other creditors.

WHEREFORE, plaintiffs demand that:

a. The obligation of Methuen to pay the defendant pursuant to the contract or contracts referred to above be reached and applied in payment of the judgment referred to above; and

b. Methuen be ordered to pay plaintiff the amounts due under those contracts, but not to exceed $24,189.98; and

      c.  The Court grant such other and further relief as it may deem just and proper.

Date:                                   Respectfully submitted,

                                            Aaron D. Krakow
                                            BBO #544424
                                            KRAKOW & SOURIS, LLC
                                            225 Friend Street
                                            Boston, MA 02114
                                            (617) 723-8440


                                            <u>/s/ Aaron D. Krakow</u>
                                            Attorneys for plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON PLASTERERS AND CEMENT )<br>MASONS LOCAL 534 ANNUITY FUND, et al.,         )<br>                                                                                  )<br>          Plaintiffs,                                                          )<br>                                                                                  )<br>v.                                                                               )<br>                                                                                  )<br>J.F.M. CONSTRUCTORS, INC                                        )<br>                                                                                  )<br>          Defendant.                                                        )<br>_____  ) | C. A. NO. 04-10953-WGY |

MEMORANDUM OF PLAINTIFFS IN SUPPORT OF
THEIR MOTION FOR AN ORDER IN AID OF JUDGMENT

This is a supplementary proceeding pursuant to Federal Rule 69 in aid of a judgment entered against defendant J.F.M. Constructors, Inc. by this Court on October 12, 2004 Plaintiffs Trustees of Boston Plasterers and Cement Mason Local 534 Pension Fund, Deferred Income Fund and Health & Welfare Fund seek an order from this court in accordance with the practice in the Commonwealth of Massachusetts to "reach and apply" the interest of defendant in an executory contract between defendant and Methuen Construction Co., Inc. ("Methuen") to satisfy the judgment entered against defendant.

ARGUMENT

On October 12, 2004, this Court entered a money judgment against defendant that plaintiffs had obtained. (Motion, Exh. A). To date, the defendant has made no payment on the judgment(Brousaides Decl., ¶4). However, defendant has not filed a motion to stay execution or

a bond pursuant to Rule 62(d) of the Federal Rules of Civil Procedure. Accordingly, plaintiffs move this Court pursuant to Rule 69 for an order in aid of the judgment based on the practice and procedure available in the courts of the Commonwealth of Massachusetts.

Rule 69 of the Federal Rules of Civil Procedure provides that a money judgment shall be enforced, in the first instance, by a writ of execution. The Rule goes on to authorize supplementary proceedings to enforce the judgment in the event that the judgment cannot be satisfied by execution. The Rule provides that such supplementary proceedings be in accordance with those of the state in which the district is located:

> The procedure...in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of an execution shall be in accordance with the practice and procedures of the state in which the district court is held, existing at the time the remedy is sought, except that any statue of the United States governs to the extent that it is applicable.

F.R.C.P. 69(a).

Massachusetts law expressly authorizes proceedings by creditors to "reach and apply" in payment of a debt any property, right, or interest of the debtor not subject to attachment in the possession of another party. M.G.L. Ch. 214, §3(6). The defendant is currently performing work under one or more subcontracts with Methuen on the construction of the Falmouth Water Treatment Facility. (Brousaides Decl., ¶6). The Massachusetts Supreme Judicial Court has held that "the interest of the debtor in an executory contract, the performance of which requires the furnishing of work and services by the debtor," such as the defendant's subcontract with Methuen is not subject to attachment but is subject to an action to reach and apply. Leffler v. Todd, 55 N.E. 2d 767, 769 (1944).

The Massachusetts remedy of reach and apply is available to parties in proceedings in the federal courts.  See, e.g., In Re Rare Coin Galleries of America, Inc., 862 F.2d 896, 903-04 (1st Cir. 1988)("the district court here was within its power to enter an injunction containing a bill to reach and apply" under analogous pre-judgment remedy provisions of Rule 64).

Rule 69 neither creates nor withdraws jurisdiction, but provides a procedural mechanism for the district court to exercise its inherent jurisdiction to enforce its judgment in supplemental proceedings.  This ancillary jurisdiction extends to non-parties to the judgment.  J.  Moore Federal Practice and Procedure ¶69.03[2] at p. 69-15 (emphasis added).  Judges in this district have routinely issued such orders to reach and apply against non-parties.  See copies attached hereto.

The defendant has failed to comply with the judgment, requiring plaintiffs to bring this action to enforce the judgment.  Plaintiffs made repeated efforts to have defendant pay the employee benefit contributions that it has owed, but all such efforts were unsuccessful. (Brousaides Decl., ¶4).  Accordingly, plaintiffs should be allowed to reach and apply the interest of defendant in the control or possession of Methuen.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion should be granted.

Dated:                                      Respectfully submitted,
                                            Aaron D. Krakow
                                            BBO #544424
                                            KRAKOW & SOURIS, LLC
                                                225 Friend Street
                                            Boston, MA 02114         (617) 723-8440

                                            /s/ Aaron D. Krakow
                                            Attorney for plaintiffs

3



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CARPENTERS LOCAL UNION NO. 108 )
    Plaintiff )
)
v. )   C.A. No. 93-10390-T
)
W.J. HOLLOWAY & SON INC. and )
R.W. GRANGER & SONS, INC. )
    Defendants )

## ORDER

Upon plaintiff's verified complaint, accompanying affidavits, motion for a temporary restraining order and preliminary injunction, it is hereby ordered that, pending the final outcome of this action, defendant R.W. Granger & Sons, Inc. shall withhold from payment to W.J. Holloway & Son, Inc. $89,863.24 of any property, right, title or interest of defendant W.J. Holloway & Son, Inc. in the control or possession of R.W. Granger & Sons, Inc. that may become due to W.J. Holloway & Son, Inc. pursuant to any contracts between R.W. Granger & Sons, Inc. and W.J. Holloway & Son, Inc.

_____
District Court Judge

DATE: 3/4/93



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRUSTEES OF SHEETMETAL )
WORKERS LOCAL 63 HEALTH )
& WELFARE FUND, et al )
    Plaintiffs )
                               ) C.A. No. 92-30129-F
v. )
                               )
LOVATO SHEETMETAL INC. )
    Defendant )

ORDER

    Upon plaintiff's motion for an order in aid of judgment, it is hereby

    ORDERED that the obligation of The Berkshire Medical Center to pay Lovato Sheetmetal Inc. pursuant to the contract or contracts for the performance of construction work at the Berkshire Medical Center in the City of Pittsfield shall be reached and applied in payment of the judgment entered against Lovato Sheetmetal in this case; It is further

    ORDERED that The Berkshire Medical Center shall pay Trustees of Sheetmetal Workers Local 63 Health & Welfare Fund, Annuity Fund, Relief Fund and Education Fund instead of defendant the amount of $15,566.83 plus interest on that amount at the rate of 3.41%, or $1.45 per day, from September 3, 1992 to the date of payment to plaintiff.

    IT IS SO ORDERED.

DATE: ~~October~~ 4, 1992                /s/ Frank H. Freedman
      November                      United States District Judge

Case 1:04-cv-10953-WGY    Document 7    Filed 10/14/2004    Page 10 of 17



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRUSTEES OF SHEETMETAL WORKERS )
LOCAL 63 HEALTH & WELFARE FUND, et al )
    Plaintiffs )
     )
v. ) C.A. No. 97-30144-FHF
     )
C.A DICKSON CO. )
    Defendant )

### ORDER

Upon plaintiff's motion for an order in aid of judgment, it is hereby

ORDERED that any obligation of T.J. Convoy & Co. to pay C.A. Dickson Co. pursuant to a contract or contracts for the performance of work or services shall be reached and applied in payment of the judgment entered against C.A. Dickson Co. in this case; It is further

ORDERED that, from the amounts reached and applied pursuant to the paragraph above, shall pay Sheetmetal Local No. 63 Funds in the amount of $23,468.84 plus interest rate of    % from August 19, 1997 to the date of payment.

        IT IS SO ORDERED.

DATE:
December 3, 1997

                                  Frank H. Freedman
                                  United States District Judge

Case 1:04-cv-10953-WGY   Document 7   Filed 10/14/2004   Page 12 of 17

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON PLASTERERS AND CEMENT )<br>MASONS LOCAL 534 ANNUITY FUND, et al.,       )<br>                                                                                     )<br>        Plaintiffs,                                                             )<br>                                                                                     )       C. A. NO. 04-10953-WGY<br>v.                                                                                 )<br>                                                                                     )<br>J.F.M. CONSTRUCTORS, INC                                         )<br>                                                                                     )<br>        Defendant.                                                           )<br>_____)<br>1 | |

ORDER

Upon plaintiffs' motion for an order in aid of judgment, it is hereby

ORDERED that any obligation of Methuen Construction Co., Inc. to pay J.F.M. Constructors, Inc. pursuant to a contract or contracts for the performance of work or services shall be reached and applied in payment of the judgment entered against J.F.M. Constructors, Inc. in this case;  It is further

ORDERED that, from the amounts reached and applied pursuant to the paragraph above, Methuen shall pay plaintiffs the amounts reached and applied under those contracts, but not to exceed $24,189.98.

    IT IS SO ORDERED.


DATE: _____                    _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON PLASTERERS AND CEMENT )<br>MASONS LOCAL 534 ANNUITY FUND, et al.,        )<br>                                                                              )<br>        Plaintiffs,                                                          )<br>                                                                              )     C. A. NO. 04-10953-WGY<br>v.                                                                           )<br>                                                                              )<br>J.F.M. CONSTRUCTORS, INC                                      )<br>                                                                              )<br>        Defendant.                                                        )<br>_____)  | |

1

**DECLARATION OF HARRY BROUSAIDES**

Harry Brousaides, under penalties of perjury, hereby declares as follows:

1. I am presently the Administrator of the Boston Plasterers and Cement Mason Local 534 Funds.

2. In my capacity as Administrator of plaintiffs, I am responsible for receiving the amounts due to be paid to employee benefit funds (referred to collectively as "the Funds") affiliated with the Funds by the employers who have entered into collective bargaining agreements with those funds.

3. On October 12, 2004 this Court entered judgment against the defendant in the amount of $24,189.98 for its failure to make its employee benefit fund contributions to the Funds.

4. To date, defendant J.F.M. Constructors, Inc. has failed to pay the amount that is due despite repeated efforts by me to resolve this matter.

5. Upon information and belief, J.F.M. owes significant amounts of money to numerous other creditors.

6. Defendant J.F.M. Constructors, Inc. is a subcontractor for Methuen Construction Co., Inc. ("Methuen"), the general contractor on the Falmouth Water Treatment Facility project, and the defendant has performed work as a subcontractor for Methuen on that project. Due to J.F.M.'s financial difficulties Methuen has had to pay third parties directly for some of J.F.M.'s obligations on the project.

7. Based on my experience in the construction industry and as Administrator, I know it to be the practice in the industry for such work to be performed pursuant to one or more contracts between the general contractor and the subcontractor that call for payment to be made by the general contractor to the subcontractor at various points during and after the time that the subcontractor performs the work called for by the contract.

8. Upon information and belief, Methuen is holding monies that are to come due to defendant for work performed on the project.

9. Upon information and belief, other than the monies due to the defendant from Methuen, defendant has no assets to satisfy the judgment of $24,189.98, and once J.F.M. is paid by Methuen for its work on the Falmouth Water Treatment Facility project, J.F.M. will be unable to satisfy the judgment.

I declare under penalties of perjury that the foregoing is true and correct this 13th day of October, 2004.

                                                    /s/ Harry Brousaides
                                                    Harry Brousaides

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRUSTEES OF BOSTON PLASTERERS AND CEMENT )
MASONS LOCAL 534 ANNUITY FUND, et al., )
)
Plaintiffs, )
) C. A. NO. 04-10953-WGY
v. )
)
J.F.M. CONSTRUCTORS, INC )
)
Defendant. )
)

## JUDGMENT

YOUNG, D.J.

Defendant, J.F.M. Constructors, Inc. having failed to plead or otherwise defend in this action and default having been entered on September 9, 2004.

Now upon application of plaintiffs and declaration demonstrating that defendant owes plaintiffs the sum of $23,165.68; that defendant is not an infant or incompetent person or in the military service of the United States, and that the plaintiffs have incurred costs and attorneys' fees in the sum of $1,024.30 is hereby

**ORDERED, ADJUDGED AND DECREED** that plaintiffs recover from defendant J.F.M. Construction, Inc. the sum of $24,189.98 with interest as provided by law.

*Marie Bell*
Deputy Clerk

October 4, 2004 - Form of judgment approved.
*William G. Young*
Chief Judge